# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**SENGATHITH SYBOUNMA**

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:12-CR-272

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
  - [x] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the                                safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is an illegal Laotian whose country refuses to take him back. Therefore, there is no immediate threat of deportation nor long-time confinement by the INS.

Defendant has a criminal record dating back to his days as a juvenile. More significant misbehavior began when defendant reached the age of 17 and was convicted of breaking and entering a building with intent, and sentenced to 2 to 10 years in prison, but placed in a boot camp for a year and a half instead. The year after he was released (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if defendant is released, whether it relies upon the rebuttable presumption or not. Defendant has an ongoing record of violent behavior since he was a juvenile. He spent 9 years in prison for being one of several men who raped a 15-year-old girl. He has been in repeated violation of his parole and/or order of supervision from the INS since his release. Significantly, he does not seem (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 3, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

from boot camp, he committed CSC 3rd Degree. He was admittedly one of several men (the number changes from 4 to 2 to 3 according to various versions of the incident by the defendant) who held down and took turns sexually penetrating a 15-year-old girl. He served 9 years in prison, and was paroled on March 10, 2009. At the same time he was also placed on an order of supervision by the INS. Notwithstanding that his behavior was subject to supervision by two different governmental agencies, while on parole the defendant was also convicted of two counts of assault and battery resulting in a 45-day jail sentence. Defendant testified that the assault "was not his fault." In the same vein, defendant testified he did not think he did anything wrong when he had sex with the 15-year-old girl, because he did not know it was illegal to have such relations with a girl that young.

The conspiracy found by the grand jury in the present case also began (mid 2010) while defendant was still on parole. Defendant was discharged from parole in March 2011 and allegedly committed the methamphetamine distribution offense in December 2011. The following March he received a target letter but apparently continued in the conspiracy until he was indicted in November 2012. All this time, he was subject to the order of supervision. Also during this time, in October 2012, defendant failed to register on one occasion as a sex offender.

Defendant is married and helps supervise his wife's 13-year-old daughter. He is also employed.

**Part II - Written Statement of Reasons for Detention** - (continued)

 to appreciate the wrongfulness of his acts, believing not to have been wrong or his fault.